|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM THOMAS MYERS, | ) | Civil No. 08cv1810 JAH (WMc) |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | ) | |
| LARRY SMALLS, et. al., | ) | **[Doc. No. 22]** |
| Defendants. | ) | |

On January 20, 2012, Plaintiff filed a motion for reconsideration asking this Court to reconsider the denial of Plaintiff's motion for sanctions and seeking additional sanctions against the United States Marshals Service. A party may seek relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect ; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial, (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) a void judgment; (5) satisfaction, release, or discharge  of the judgment; or (6) "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b). Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993), *cert. denied*, 114 S.Ct. 60 (1993). The Ninth Circuit has instructed that "[i]n determining whether Rule 60(b)

applies, courts should be mindful that the rules are to be construed to achieve the just determination of every action." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983).

This Court finds there are no grounds upon which to grant the motion for reconsideration. A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Kona Enters v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Plaintiff's exhibits, which include copies of the legal mail log from Calipatria State Prison, copies of orders directing the United States Marshal to serve the complaint, a copy of Plaintiff's rejected motion for default judgment, a form from the Marshals Service notifying Plaintiff his documents are being returned because he failed to submit a certified copy of the order authorizing service, and Plaintiff's proofs of service, are not newly discovered evidence to support reconsideration. Even if the evidence was newly discovered, the documents do not demonstrate the United States Marshal Service refused or neglected to diligently execute process to support an issuance of sanctions. See 42 U.S.C. § 1990. Plaintiff fails to demonstrate reconsideration is warranted.

Accordingly, IT IS HEREBY ORDERED Plaintiff's motion for reconsideration is **DENIED**.

DATED: January 26, 2012

JOHN A. HOUSTON
United States District Judge